838 P.2d 1332

Daniel EINHORN, D.O.,
Petitioner/Appellee/Cross–Appellant,

v.

VALLEY MEDICAL SPECIALISTS, P.C., an Arizona professional corporation; Robert D. Ligorsky, D.O. and Edythe Ligorsky, husband and wife; Robert S. Cohen, D.O. and Anna Cohen, husband and wife, Respondents/Appellants/Cross–Appellees.

No. 2 CA–CV 92–0037.

Court of Appeals of Arizona,
Division 2, Department B.

April 7, 1992.

Reconsideration Denied May 13, 1992.

Review Denied Nov. 3, 1992.

Frazer, Ryan, Goldberg, Keyt & Lawless by Michael W. Murphy, Thomas D. Lawless and Russell J. Zarkou, Dillingham, Keilp & Cross, P.C. by John L. Dillingham, Phoenix, for petitioner/appellee/cross-appellant.

Hebert, Schenk, Johnsen & Dake by Joseph A. Schenk, Phoenix, for respondents/appellants/cross-appellees.

## OPINION

DRUKE, Judge.

The dispute before us questions an arbitrator's authority to enter an award that was confirmed on review by the trial court. We have jurisdiction pursuant to A.R.S. § 12–2101.01(A)(6).

## FACTS AND PROCEDURAL HISTORY

Dr. Daniel Einhorn was an employee/shareholder with three other physicians in Valley Medical Specialists, P.C. (VMS). Because of differences with the others, Einhorn's employment was terminated effective December 17, 1988. Disputes arose thereafter as to the amounts due Einhorn for (a) his year-end bonus under the VMS employment agreement, (b) his stock in both VMS and VMS Equipment Leasing, Inc. under the respective stock redemption agreements, and (c) his partnership interest in VMS Investments under the partnership agreement. All of the agreements provided that any controversy, claim or dispute arising out of the agreement would be submitted to binding arbitration.

After the parties agreed upon an arbitrator, VMS sought a ruling from the arbitrator that he was bound by the value set by the company's certified public accountant for the VMS stock based upon the following provision in the stock redemption agreement:

> The calculation of the purchase price [of the stockholder's stock] shall be made by the firm of certified public accountants employed by [VMS]....

The arbitrator initially ruled he was so bound unless Einhorn could show that the CPA's determination of the stock's value was either fraudulent or made in bad faith, and thus limited Einhorn's witnesses to rebuttal testimony on such matters. However, on the first day of the arbitration hearing, upon Einhorn's motion, the arbitrator apparently reconsidered his ruling (which is not part of the record on appeal) and permitted unrestricted testimony from Einhorn's witnesses, including opinion testimony as to the stock's value. While this ruling may have been subject to challenge pursuant to A.R.S. § 12–1502, VMS, nevertheless, elected to proceed with arbitration. At the conclusion of the three and one-half day hearing, the arbitrator awarded Einhorn $177,076 for his VMS stock (which the CPA valued at $97,851), a year-end bonus of $35,000 (which the VMS board of directors had denied) and $3,850 for his interests in VMS Equipment Leasing and VMS Investments.

Einhorn filed an application for confirmation of the award with the superior court pursuant to A.R.S. § 12–1511. VMS opposed the application contending, pursuant to A.R.S. § 12–1512(A)(3), that the arbitrator had exceeded his powers. The trial court found otherwise and confirmed the award. This appeal followed.

## DISCUSSION

■ This state has had a long-standing public policy favoring arbitration. See *Gates v. Arizona Brewing Co.*, 54 Ariz. 266, 95 P.2d 49 (1939); *Smitty's Super-Valu, Inc. v. Pasqualetti*, 22 Ariz.App. 178, 525 P.2d 309 (1974); *Jeanes v. Arrow Ins. Co.*, 16 Ariz.App. 589, 494 P.2d 1334 (1972); and *New Pueblo Constructors, Inc. v. Lake Patagonia Recreation Ass'n*, 12 Ariz.App. 13, 467 P.2d 88 (1970). Consistent with this public policy, Arizona has adopted the Uniform Arbitration Act, A.R.S. § 12–1501, et seq., and pursuant to A.R.S. § 12–133, has mandated arbitration in all civil cases filed in the superior court where the amount in controversy does not exceed certain jurisdictional limits. In deference to the parties' contractually agreed-upon means of dispute resolution, and to avoid undermining the objectives of arbitration as an inexpensive and speedy final disposition of the parties' controversy, judi-

cial review of an arbitration award is limited. *Smitty's Super–Valu, Inc. v. Pasqualetti*, supra. Where, as here, judicial review is sought on the basis that the arbitrator exceeded his power, it is presumed the arbitrator decided only the matters submitted for arbitration unless the party seeking review carries the burden of showing otherwise. *Transnational Ins. Co. v. Simmons*, 19 Ariz.App. 354, 507 P.2d 693 (1973). VMS failed to satisfy that burden.

■ VMS contends the arbitrator exceeded his powers in establishing his own values for the VMS stock and for Einhorn's interests in VMS Equipment Leasing and VMS Investments, rather than adopting the values established by the CPA, and in awarding Einhorn a year-end bonus when the VMS board of directors decided he was not entitled to one. However, as previously noted, the parties' agreements all provided, in substance, that any dispute arising out of the agreement would be submitted to arbitration. The obvious dispute which arose here was whether, by the terms of the agreements themselves, the arbitrator was bound by the CPA's value for the VMS stock and the VMS board's denial of a year-end bonus, a dispute involving contract interpretation.

■ It is axiomatic that the interpretation of a contract is a question of law. *United Cal. Bank v. Prudential Ins. Co.*, 140 Ariz. 238, 681 P.2d 390 (App.1983). As to questions of law, an arbitrator's decision is final unless it results in extending the arbitration beyond the matter submitted. *Verdex Steel and Construction Co. v. Board of Supervisors*, 19 Ariz.App. 547, 509 P.2d 240 (1973). In its prehearing statement, VMS submitted the following issues to arbitration:

1. Whether the Board of Directors for VMS abused its discretion when it denied Einhorn a discretionary bonus for the fiscal year ending January 31, 1989.

2. Whether the certified public accountant for VMS ... has been given absolute authority to determine the value of VMS for purposes of calculating the price which VMS must pay to repurchase Einhorn's stock, and if not, whether Ein-

horn has advanced a valid basis for overriding the presumptive accuracy of that determination.

Einhorn's prehearing statement submitted substantially the same issues to arbitration, plus the additional issue of "the amount Dr. Einhorn is entitled to receive from VMS Equipment Leasing, Inc. and VMS Investments...." The issues submitted thus implicitly recognized that the parties' agreements were sufficiently ambiguous to require interpretation by the arbitrator, a legal determination which is not subject to judicial review except when it is in contravention of the express guidelines or standards in the arbitration agreement. *Smitty's Super–Valu, Inc. v. Pasqualetti*, supra. Here, we are unable to find that the agreements in question contain such express guidelines or standards so as to require judicial review. The trial court's confirmation of the arbitration award is therefore affirmed.

FERNANDEZ, P.J., and HATHAWAY, J., concur.