277 P.3d 208

**ATREUS COMMUNITIES GROUP OF ARIZONA, a Georgia corporation formerly known as Homelife Communities Group of Arizona, Inc., Plaintiff/Appellant,**

v.

**STARDUST DEVELOPMENT, INC., an Arizona corporation, Defendant/Appellee.**

No. 1 CA–CV 10–0129.

Court of Appeals of Arizona, Division 1, Department A.

May 1, 2012.

Berens, Kozub & Kloberdanz PLC, by William A. Kozub, Richard W. Hundley, Scottsdale, Attorneys for Appellant.

Quarles & Brady LLP, by Don P. Martin, Edward A. Salanga, Alison Pulaski, Phoenix, Attorneys for Appellee.

## OPINION

KESSLER, Judge.

¶ 1 Atreus Communities Group ("Atreus") appeals the superior court's ruling confirming the arbitration award in favor of Stardust Development, Inc. ("Stardust") on Atreus's claim for breach of contract and fraudulent concealment. Atreus contends that the award should not have been confirmed because the arbitrator exceeded his authority by granting summary judgment rather than conducting an oral evidentiary hearing. Addressing a question of first impression in Arizona, we hold that under the arbitration agreement and the applicable rules adopted by that agreement, the arbitrator was authorized to grant summary judgment. Accordingly, we affirm the superior court's confirmation of the arbitration award.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 In 2004, Stardust entered into a Joint Development and Escrow Agreement ("JDA") with several builders, including Atreus, for the construction of a residential development. Stardust was responsible for administering the construction and installation of certain improvements, including certain sewer and wells for water.

¶ 3 The JDA provided for mandatory arbitration for any dispute arising under the agreement. Arbitrations were to be conducted in accordance with the Arbitration Rules for the Real Estate Industry of the American Arbitration Association (the "AAA Rules").

¶ 4 After a delay occurred in the completion of the well facilities and other infrastructure, Atreus initiated arbitration against Stardust, alleging breach of contract, breach of the covenant of good faith and fair dealing, and fraudulent concealment. Atreus contended that it had entered into contracts for sale of its homes, but it could not close on the contracts because of the lack of water services. Atreus claimed that Stardust had knowledge of but had failed to notify it of the delay. It claimed that, had it known of the delay, it would not have built the homes or entered into the contracts for sale.

¶ 5 Stardust filed a motion for summary judgment as to the breach of contract claim. In response, Atreus argued that summary judgment was not permitted in the arbitration proceeding because Section 9 of the JDA and the AAA Rules entitled the parties to a hearing and the right to present evidence.

¶ 6 The arbitrator found that the JDA and AAA Rules did not preclude summary judgment:

> [A]fter reading Section 9 of the JDA and the AAA Real Estate Industry Arbitration Rules I do not believe they preclude an arbitrator from deciding an issue as a matter of law if there are no genuine issues of material fact relating to that issue. Section 9(f) of the JDA reads that "[t]he arbitrator shall have the authority to award any remedy or relief that a court of the State of Arizona could order or grant...." Rule 45 of the AAA Rules reads that: "[t]he arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties...."

The arbitrator granted summary judgment to Stardust, finding that under the JDA, Stardust had the right, but not the obligation, to provide notice of an anticipated delay. The arbitrator also granted summary judgment on the breach of the covenant of good faith and fair dealing claim, finding that under the JDA, Atreus had expressly waived its right to seek indirect, consequential, punitive, or special damages caused by a breach under the JDA.

¶ 7 Stardust then moved for summary judgment on Atreus's claim for fraudulent concealment. The arbitrator granted the motion, finding:

> [D]espite having conducted discovery and having obtained documents and taken depositions, [Atreus] has not been able to come forth with evidence from which a reasonable fact-finder could infer that [Stardust] took measures intended to prevent claimant from learning what it knew about whatever issues it was having with [the water utility]. This is especially true under the heightened clear and convincing standard....

¶ 8 The arbitrator awarded attorneys' fees to Stardust pursuant to the JDA in the amount of $150,000, plus costs in the amount of $26,727.60.

¶ 9 Pursuant to Arizona Revised Statutes ("A.R.S.") section 12–1511 (2003), Stardust filed an application in superior court to confirm the arbitration award and for entry of judgment. Atreus objected to the confirmation. It argued the arbitrator exceeded his powers and failed to conduct the hearing as provided in A.R.S. § 12–1505 (2003).[1] *See* A.R.S. § 12–1512(A)(3) and (4) (2003). Specifically, Atreus argued the arbitrator erred in concluding that he could rule by summary judgment under Section 9(f) of the JDA and Rule 45 of the AAA Rules because a summary judgment is a procedure and not a remedy or form of relief under those provisions.

¶ 10 Stardust replied that: (1) The superior court could not reverse the decision on the merits because refusal to confirm an award was limited to the grounds statutorily permitted in A.R.S. § 12–1512(A); and (2) The JDA and AAA Rules permitted summary

---

1. A.R.S. § 12–1505 states in part: "The parties are entitled to be heard, to present evidence material to the controversy and to cross-examine witnesses appearing at the hearing." A.R.S. § 12–1505(2).

judgment, noting that the arbitrator could grant "any remedy or relief" that a state court could order. Stardust noted that the AAA Rules gave the arbitrator the discretion to vary the hearing procedure and argued that other jurisdictions had found that an arbitrator can rule on summary judgment motions under AAA Rules, when no facts are in dispute.

¶ 11 Atreus moved for leave to file a supplemental brief, arguing that because it had the burden of proof in objecting to confirmation of the arbitration award, it should be given an opportunity to respond to Stardust's reply. Stardust objected, arguing that under A.R.S. § 12–1515 (2003), an application to confirm an arbitration award is treated as a motion and no authority supported allowing Atreus to file a surreply.

¶ 12 The superior court denied Atreus's motion to file a surreply and confirmed the arbitration award. The court entered a judgment in favor of Stardust, including attorneys' fees and costs in the amount of $176,727.60 for the arbitration proceedings and $13,175.90 for the confirmation proceedings. Atreus timely appealed.[2] We have jurisdiction pursuant to A.R.S. § 12–2101.01(A)(6) (Supp.2011).

## STANDARD OF REVIEW

¶ 13 Because Arizona's public policy favors arbitration to obtain a speedy and inexpensive disposition of a dispute, judicial review of an arbitration award is severely limited by statute. *Einhorn v. Valley Med. Specialists, P.C.*, 172 Ariz. 571, 572–73, 838 P.2d 1332, 1333–34 (App.1992). The "boundaries of [an] arbitrator['s] powers are defined by the agreement of the parties." *Smitty's Super–Valu, Inc. v. Pasqualetti*, 22 Ariz.App. 178, 180, 525 P.2d 309, 311 (1974). In cases arbitrated subject to the parties' agreement and subject to the arbitrator not exceeding his or her powers, the arbitrator's decisions are final and binding as to both issues of fact and law, regardless of the correctness of the decision. *Smitty's*, 22 Ariz.App. at 180–81,

525 P.2d at 311–12. Just as the superior court reviews an arbitrator's award in the light most favorable to affirming, we review the superior court's decision in the light most favorable to upholding its decision regarding confirming the arbitrator's award and affirm unless we conclude that the superior court abused its discretion. *Brake Masters Systems, Inc. v. Gabbay*, 206 Ariz. 360, 364 n. 3, ¶ 12, 78 P.3d 1081, 1085 n. 3 (App.2003); *Park Imperial, Inc. v. E.L. Farmer Constr. Co.*, 9 Ariz.App. 511, 513–14, 454 P.2d 181, 183–84 (1969).

¶ 14 The standard of review and procedure to review an arbitrator's interpretation of the parties' arbitration agreement and the arbitrator's decision as to his powers is less clear. When parties dispute the arbitrator's power in interpreting the arbitration agreement (at least to decide if an issue is arbitrable), the court must use the same standard used in resolving summary judgment motions: it must hold an evidentiary hearing unless the standard for granting summary judgment is met or neither of the parties requests an evidentiary hearing. *Brake Masters*, 206 Ariz. at 365, ¶¶ 14–15, 78 P.3d at 1086. *Cf. First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944, 947–48, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995) (in determining whether parties agreed if arbitrator could decide his or her own jurisdiction, court should require "clea[r] and unmistakabl[e] evidence that they did so" and appellate court will affirm findings of fact unless they are clearly erroneous but review a trial court's conclusion of law *de novo* ). However, if it is clear that the arbitration agreement or rules incorporated therein authorized the arbitrator to interpret the agreement, then the trial court must defer to the arbitrator's decision as to his power unless it is clearly erroneous. *Brake Masters*, 206 Ariz. at 367, ¶¶ 20–21, 78 P.3d at 1088. Such a deferential standard is consistent with the concept that when parties submit their dispute to arbitration they have "substituted a different tribunal and a differ-

---

**2.** Atreus filed a premature appeal, which became timely upon the court's ministerial act of signing the final judgment. *See Barassi v. Matison*, 130 Ariz. 418, 422, 636 P.2d 1200, 1204 (1981); *see*

*also Smith v. Ariz. Citizens Clean Elections Comm'n*, 212 Ariz. 407, 415, ¶ 37, 132 P.3d 1187, 1195 (2006); *Schwab v. Ames Constr.*, 207 Ariz. 56, 58, ¶ 9, 83 P.3d 56, 58 (App.2004).

ent method of determining their controversy in place of the tribunals provided by the ordinary processes of law" to "obtain an inexpensive and speedy final disposition" of their dispute. *Smitty's*, 22 Ariz.App. at 182, 525 P.2d at 313. To subject an arbitrator's decision to the "full range of ordinary judicial review" would largely defeat the objective of submitting one's dispute to arbitration. *Id.* at 181, 525 at 312.

¶ 15 We need not decide what standard of review to use to determine if the arbitrator erred in determining he had the authority to grant summary judgment, which in this case is the arbitrator's interpretation of the parties' agreement. Under an abuse of discretion, *de novo*, or manifest disregard of the law standard, the arbitrator was authorized to award summary judgment under the JDA and AAA Rules.[3] Moreover, even if an evidentiary hearing is generally required to determine the arbitrator's decision as to his powers, *Brake Masters*, 206 Ariz. at 365, ¶ 14, 78 P.3d at 1086, the trial court did not have to hold an evidentiary hearing here relating to the arbitrator's powers because neither party requested it and the documents submitted to the court did not present a genuine issue of material fact as to the arbitrator's power to grant summary judgment.

### DISCUSSION

¶ 16 Given the narrow judicial power to review substantive decisions by an arbitrator, *supra* ¶ 13, Atreus argues: (1) The arbitrator exceeded his powers by wrongfully denying it a hearing and granting summary judgment, and the superior court erred in confirming the award; and (2) The superior court wrongly denied it the opportunity to file a surreply to Stardust's application for confirmation of the arbitration award. We disagree with Atreus.

### I. The arbitrator did not err in finding he had the authority to grant summary judgment.

■ ¶ 17 Atreus argues that because the JDA and AAA Rules do not explicitly author-

ize summary judgment, the arbitrator was prohibited from granting Stardust's motion for summary judgment. Applying the reasoning in *Brake Masters*, we think that the JDA's reference to and incorporation of rules is sufficient to preclude *First Options'* clear and convincing evidence standard to determine the arbitrator's powers. *Brake Masters*, 206 Ariz. at 366–67, ¶ 19, 78 P.3d at 1087–88. Pursuant to the terms of the JDA and those incorporated rules, the arbitrator in this case was authorized to grant summary judgment.

### A. Applicable law.

¶ 18 The superior court must reverse a decision by an arbitrator that is outside the bounds of the parties' agreement. A.R.S. § 12–1512(A)(3); *see Snowberger v. Young*, 24 Ariz.App. 177, 179, 536 P.2d 1069, 1071 (1975); *Smitty's*, 22 Ariz.App. at 180, 525 P.2d at 311. Arizona Revised Statutes § 12–1512 provides in pertinent part:

A. Upon filing of a pleading in opposition to an award, and upon an adequate showing in support thereof, the court shall decline to confirm and award and enter judgment thereon where:

. . .

3. The arbitrators exceeded their powers;

4. The arbitrators . . . refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of § 12–1505, as to prejudice substantially the rights of a party. . . .

Section 12–1505, in turn, provides in pertinent part:

Unless otherwise provided by the agreement:

. . . .

2. The parties are entitled to be heard, to present evidence material to the controversy and to cross-examine witnesses appearing at the hearing.

---

**3.** At least one court has held that under the manifest disregard standard, an arbitrator's erroneous interpretation of the law is not reversible unless the arbitrator understood and correctly stated the law and then proceeded to disregard it. *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir.2007).

¶ 19 The "party attacking the award has the burden of showing that the arbitrators exceeded their powers under the [agreement]." *Smitty's,* 22 Ariz.App. at 182, 525 P.2d at 313; *see also Einhorn,* 172 Ariz. at 573, 838 P.2d at 1334 (stating "it is presumed the arbitrator decided only the matters submitted for arbitration unless the party seeking review" shows otherwise).

## B. The JDA and the AAA Rules.

¶ 20 To determine the arbitrator's powers in this case, we start with the terms of the JDA and the AAA Rules adopted by the JDA. As we held in *Brake Masters,* an arbitration agreement need not expressly address the issue of an arbitrator's powers if the agreement incorporates by reference rules which address this issue. 206 Ariz. at 366–67, ¶ 19, 78 P.3d at 1087–88. Once that occurs, the arbitrator's decision as to his powers is subject to a deferential standard of review. *Id.* at 367, ¶¶ 20–21, 78 P.3d at 1088.

¶ 21 While nothing in the JDA or AAA Rules addresses summary judgment, they both grant the arbitrator broad powers, including the power to grant any relief which a superior court could grant. Consistent with courts in other jurisdictions, we conclude those powers include the right to summary judgment.[4] Section 9(b) of the JDA provides that the AAA Rules apply while Section 9(f) gives the arbitrator "the authority to award any remedy or relief that a court of the State of Arizona could order or grant." AAA Rule 45 also provides that the "arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties." Additionally, AAA Rule 55 states: "The arbitrator shall interpret and apply [the AAA] rules insofar as they relate to the arbitrator's powers and duties."

¶ 22 Courts in other states have decided an arbitrator is authorized to grant summary judgment when the governing rules do not expressly address summary judgment in the arbitration proceeding. Those courts have held that when the parties' arbitration agreement and governing rules are silent as to whether an arbitrator can grant summary judgment, the arbitrator is authorized to do so unless the party opposing summary judgment is denied the fair opportunity to present its case. *See Campbell v. Am. Family Life Assurance Co. of Columbus, Inc.,* 613 F.Supp.2d 1114, 1119 (D.Minn.2009) (holding "summary judgment is permissible in arbitration"); *Hamilton v. Sirius Satellite Radio Inc.,* 375 F.Supp.2d 269, 278 (S.D.N.Y.2005) (confirming an arbitration award based on summary judgment without discussion of arbitrator's ability to grant summary judgment); *Schlessinger v. Rosenfeld, Meyer & Susman,* 40 Cal.App.4th 1096, 47 Cal.Rptr.2d 650, 655, 658 (1995) (determining that under California arbitration statutes and AAA rules "the arbitrator [has] implicit authority to rule on [summary adjudication] motions," which are similar to summary judgment motions); *Stifler v. Weiner,* 62 Md.App. 19, 488 A.2d 192, 195 (1985) (holding that while there is no statutory provision allowing or prohibiting summary disposition in arbitration, it is allowed when factually appropriate). *Contra White v. Preferred Research, Inc.,* 315 S.C. 209, 432 S.E.2d 506, 507 n. 2 (S.C.App.1993) (deciding that a summary judgment motion was not proper in arbitration because it "is not a judicial proceeding governed by the rules of civil procedure"). In these cases, the parties' agreements and governing rules are very similar to the agreement and AAA Rules agreed upon by Atreus and Stardust.

¶ 23 We agree with the reasoning of the above cases that an arbitrator has the implied power to grant summary judgment. The purpose of arbitration is to permit parties to agree to a more expedited and less costly means to resolve disputes than litigation in the courts. *Harrington v. Pulte Home Corp.,* 211 Ariz. 241, 252, ¶ 42, 119 P.3d 1044, 1055 (App.2005). Summary judgment by an arbitrator is consistent with that purpose when the parties do not expressly prohibit summary judgment in their agreement, provided the parties receive a fair

---

4. In cases where court-ordered arbitration is compulsory, Rule 74(c) of the Arizona Rules of Civil Procedure prohibits an arbitrator from granting a motion for summary judgment if doing so "would dispose of the entire case as to any party." However, that rule does not apply here because the parties entered arbitration by agreement.

opportunity to present their case. To hold otherwise would run counter to the underlying purpose of arbitration by requiring parties in arbitration to prepare for and attend an evidentiary hearing when one party was entitled to an award as a matter of law. *Schlessinger*, 47 Cal.Rptr.2d at 656–57.

¶ 24 Atreus proffers four arguments to support its position that the JDA and AAA Rules do not permit an arbitrator to grant summary judgment. We disagree with Atreus's arguments.

¶ 25 First, Atreus argues that Section 9(f) of the JDA and Rule 45 of the AAA Rules prohibit summary judgment. We disagree. Section 9(f) and the AAA Rules, respectively, authorize the arbitrator to grant any remedy or relief that an Arizona court could grant or any remedy or relief within the scope of the JDA. While "summary judgment" has been defined as a "[p]rocedural device [for] ... the speedy disposition of a controversy without the need for a trial," Black's Law Dictionary 1476 (8th ed. 1999), Arizona courts employ a more general meaning to those terms, referring to summary judgment as a remedy or relief. *See Antonsen v. Superior Court*, 186 Ariz. 1, 7, 918 P.2d 203, 209 (App.1996) (finding "remedy is summary judgment" where stranger attempts to obtain paternity testing and presumptive parents assert paternity in husband); *Continental Ins. Co. v. McDaniel*, 160 Ariz. 183, 185, 772 P.2d 6, 8 (App.1988) ("summary judgment relief was denied"); *Cecil Lawter Real Estate School, Inc. v. Town & Country Shopping Ctr. Co.*, 143 Ariz. 527, 540, 694 P.2d 815, 828 (App. 1984) (Haire, J., concurring in part and dissenting in part) ("[E]xistence of substantial evidentiary conflicts precludes the availability of the summary judgment remedy."), *disapproved on other grounds by Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Amer.*, 182 Ariz. 586, 898 P.2d 964 (1995); *Allied Mut. Ins. Co. v. Peck*, 3 Ariz.App. 582, 584, 416 P.2d 1003, 1005 (1966) ("[F]acts relevant to the construction of the insurance contract are undisputed, and summary judg-

ment is a proper remedy"). Under this more lenient usage, Section 9(f) and AAA Rule 45 provide the arbitrator with broad authority, including the power to resolve the dispute by summary judgment.

¶ 26 Second, we disagree with Atreus's argument that while the JDA authorized the application of the Arizona Rules of Civil Procedure, it did so only in the context of conducting discovery. Section 9(e) of the JDA provides:

> The arbitrator shall afford to the parties a hearing and the right to conduct discovery in accordance with the Arizona Rules of Civil Procedure, submit evidence, with the privilege of cross-examination on the question at issue....

¶ 27 The reference to the rules of civil procedure is not limited to discovery. Rather, we construe Section 9(e) as requiring the arbitrator to afford the parties not only discovery in accordance with the rules of civil procedure but the hearing as well, which would implicitly allow the arbitrator to apply summary judgment where no material fact existed requiring an evidentiary hearing. This is consistent with the underlying purpose of arbitration and with AAA Rule 31, which grants the arbitrator the discretion to vary the manner in which the parties present evidence, provided the arbitrator affords "a full and equal opportunity to all parties for the presentation of any material and relevant evidence."[5] A summary judgment proceeding affords the parties the opportunity to present material and relevant evidence, including the testimony of witnesses subject to cross-examination through depositions. *Campbell*, 613 F.Supp.2d at 1119 ("In moving for summary judgment or responding to a motion for summary judgment, a party may present arguments and evidence to the arbitrators."); *Schlessinger*, 47 Cal.Rptr.2d at 657 ("Where, through discovery, the parties have pretrial access to pertinent witnesses and information, a summary [judgment] mo-

---

5. This paragraph of Rule 31 provides:
   The complaining party shall then present evidence to support its claim. The defending party shall then present evidence supporting its defense. Witnesses for each party shall submit to questions or other examination. The arbitrator has the discretion to vary this procedure but shall afford a full and equal opportunity to all parties for the presentation of any material and relevant evidence.

tion may provide an efficient means of evaluating the same evidence that would otherwise be presented at a more time-consuming trial.").

¶ 28 Further, AAA Rule 33 supports our conclusion that the AAA Rules envision an arbitrator granting summary judgment. That rule provides that "[t]he parties may offer such evidence as is relevant and material to the dispute and shall produce such evidence as the arbitrator may deem necessary to an understanding and determination of the dispute." Rule 33 authorizes the arbitrator to determine what evidence is necessary to decide the matter at issue, implying that the arbitrator can determine when evidence presented is sufficient to resolve the dispute.

¶ 29 Third, Atreus contends the arbitrator could not grant summary judgment because an oral hearing is required by A.R.S. § 12–1505(2), which entitles the parties "to be heard, to present evidence material to the controversy and to cross-examine witnesses appearing at the hearing," *id.,* "unless otherwise provided by the agreement." A.R.S. § 12–1505. We disagree.

¶ 30 Section 12–1505(2) gives the parties the right to cross-examine witnesses who appear at the hearing, but does not necessarily require a hearing. *See, e.g., Schlessinger,* 47 Cal.Rptr.2d at 656–57 (finding nearly identical language entitling parties to a hearing means that they have an opportunity to present their sides of the case, but not necessarily at an oral hearing with live testimony and "entitles a party to cross-examine witnesses *if* they appear at a hearing" but that "it does not give a party an absolute right to present oral testimony in every case"). Further, "unless otherwise provided by the agreement," the statute is subject to the agreement of the parties, which is subject to interpretation by the arbitrator. A.R.S. § 12–1505(2). Moreover, just as in a trial hearing, the parties participating in a summary judgment hearing are permitted to present argument and material evidence. AAA Rule 34 authorizes the arbitrator to consider witness testimony by affidavit over objection, which undermines Atreus's argument that only live oral testimony is permitted.

¶ 31 Finally, Atreus argues that AAA Rule 39 provides for waiver of the hearing only on the parties' agreement, which did not occur here. Rule 39 provides:

> The parties may provide, by written agreement, for the waiver of oral hearings in any case. If the parties are unable to agree as to the procedure, the AAA shall specify a fair and equitable procedure.

Although this provision provides a means for the parties to waive the hearing upon agreement, it does not address, and so does not preclude, one party from seeking summary judgment. Nor does it preclude the arbitrator, upon concluding that no issues of material fact exist, from determining that the matter can be resolved by summary judgment.

¶ 32 For the reasons stated above, the arbitrator did not err in granting Stardust's motions for summary judgment and the superior court did not err in confirming the arbitrator's award.

## II. The superior court did not err in denying Atreus's request to file a supplemental brief to respond to Stardust's reply.

¶ 33 Atreus argues that the superior court erred in not permitting it to file a surreply to address Stardust's arguments in its reply to its application for confirmation of the arbitration award. Atreus contends that, because it had the burden of proof to show that the award should not be confirmed, it should have been given "the last word."

¶ 34 The party seeking confirmation of an award must file and serve an application in the same manner as complaints are filed and served in civil actions. A.R.S. § 12–1511. The party opposing the confirmation must file a pleading and make an adequate showing in opposition based upon one of the grounds specified in A.R.S. § 12–1512. A.R.S. § 12–1512(A). The application, although served in the manner in which a summons is served, is treated as a motion "and shall be heard in the manner and upon the notice provided by law or rule of court for the making and hearing of motions."

A.R.S. § 12–1515. The applicable civil procedure rule provides for a motion, a response, and a reply. Ariz. R. Civ. P. 7.1(a). The rule makes no provision for a surreply. Despite imposing the burden of proof on the party responding to the application for confirmation, the legislature made no provision for that party to "have the last word." We therefore find no error in the trial court's denial of Atreus's request to submit a supplemental brief.

### III. Award of attorneys' fees and costs on appeal.

¶ 35 Pursuant to A.R.S. § 12–1514 (2003), Stardust seeks an award of its attorneys' fees and costs on appeal. It is within the discretion of this Court to award attorneys' fees on appeal. *Steer v. Eggleston,* 202 Ariz. 523, 528, ¶ 25, 47 P.3d 1161, 1166 (App.2002). In exercise of that discretion, we deny Stardust's request as to fees, but award it taxable costs on appeal upon timely compliance with Arizona Rule of Civil Appellate Procedure 21.[6]

### CONCLUSION

¶ 36 The superior court's decision confirming the arbitration award is affirmed.

CONCURRING: DANIEL A. BARKER, Judge * and JON W. THOMPSON, Judge.

---

**6.** While the JDA provided for a mandatory award of reasonable attorneys' fees to the prevailing party, Stardust did not request an award of fees pursuant to that provision.

\* Judge Daniel A. Barker was a sitting member of this court when the matter was assigned to this panel of the court. He retired effective December 31, 2011. In accordance with the authority granted by Article 4, Section 3, of the Arizona Constitution and pursuant to A.R.S. § 12–145 (West 2011), the Chief Justice of the Arizona Supreme Court has designated Judge Barker as a judge pro tempore in the Court of Appeals, Division One, for the purpose of participating in the resolution of cases assigned to this panel during his term in office.