NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JEFFERY C. KOHNER, *Plaintiff/Counter-Defendant/Appellant*,

*v.*

MARK B. PYPER and LOREN M. PYPER, husband and wife,
*Defendants/Appellees,*

and

OWENS & PYPER, P.L.C., an Arizona professional limited liability
company, *Defendant/Counter-Claimant/Appellee*.

No. 1 CA-CV 11-0471
FILED 4-30-2015

Appeal from the Superior Court in Maricopa County
No. CV2009-006706
The Honorable J. Kenneth Mangum, Judge (Retired)

**AFFIRMED**

COUNSEL

Jeffery C. Kohner, Mesa
*Plaintiff/Counter-Defendant/Appellant*

Jennings, Haug & Cunningham, LLP, Phoenix
By John R. Cunningham
*Co-Counsel for Defendants/Appellees*

Owens & Pyper, P.L.C., Phoenix
By Bradley T. Owens
*Co-Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

---

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Randall M. Howe joined.

---

**D O W N I E**, Judge:

**¶1**      Jeffery C. Kohner appeals a judgment confirming an arbitration award in favor of Mark B. Pyper, Loren M. Pyper, and Owens & Pyper, P.L.C. (collectively, "Pyper"). For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY[1]**

**¶2**      Kohner filed a complaint against Pyper, alleging claims for professional negligence and breach of fiduciary duty arising out of Pyper's legal representation of Kohner in prior litigation. Pyper counterclaimed for breach of contract stemming from Kohner's failure to pay legal fees. After the superior court set the case for trial, the parties agreed to a binding arbitration proceeding. The arbitrator issued a Final Arbitration Award on March 8, 2011, and Pyper sought to confirm the award pursuant to Arizona Revised Statutes ("A.R.S.") section 12-3022.

**¶3**      Kohner's counsel moved to withdraw and asked the court to allow Kohner additional time to respond to the motion to confirm the arbitration award. The court granted the motion to withdraw and gave Kohner until May 20, 2011 to respond to Pyper's motion. On May 20, 2011, Kohner requested a sixty-day extension of time to obtain an attorney and

---

[1]      We deny Pyper's request to dismiss the appeal based on Kohner's failure to file a cost bond or an opening brief that complies with ARCAP 13(a). We rely on our independent review of the record in reciting the facts and procedural background. *See Sholes v. Fernando,* 228 Ariz. 455, 457 n.2, ¶ 2, 268 P.3d 1112, 1114 n.2 (App. 2011).

file an objection, but the court denied his request, entered an order confirming the arbitration award, and issued a judgment in favor of Pyper. Kohner timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶4** Judicial review of an arbitration award is limited by statute. *Atreus Cmtys. Grp. of Ariz. v. Stardust Dev., Inc.*, 229 Ariz. 503, 506, ¶ 13, 277 P.3d 208, 211 (App. 2012). Provided that an arbitrator acts within the bounds of his or her authority, we will affirm confirmation of the ensuing award unless the superior court abused its discretion. *Id.* If an arbitrator's award is within the scope of the parties' agreement, the decision is final as to both issues of fact and law, regardless of the correctness of the decision. *Id.*; *see also Chang v. Siu*, 234 Ariz. 442, 446, ¶ 14, 323 P.3d 725, 729 (App. 2014). We thus do not consider Kohner's contention that the arbitrator erroneously decided the underlying dispute. And Kohner does not argue that the arbitrator exceeded the scope of his authority.

**¶5** We disagree with Kohner's contention that the court erred by confirming the arbitration award prior to expiration of the 90-day period within which a motion to vacate may be filed. Under the Arizona Revised Uniform Arbitration Act, A.R.S. §§ 12-3001 to -3029, (the "Act"), upon completion of an arbitration proceeding, a party may ask the superior court to confirm the arbitrator's award. A.R.S. § 12-3022. Pursuant to A.R.S. § 12-3023, a party aggrieved by the award may move to vacate it on certain limited grounds. The superior court "shall vacate" an award: if procured by fraud; on a showing of "[e]vident partiality," corruption, or misconduct by the arbitrator; if the arbitrator exceeded his powers, conducted the arbitration without notice, or refused to postpone the hearing despite sufficient cause; or if "[t]here was no agreement to arbitrate." A motion to vacate must be filed within 90 days of the movant's receipt of notice of the arbitration award, or, if based on fraud, corruption or other undue means, within 90 days after the movant knew or with reasonable care should have known of the ground. A.R.S. § 12-3023(B).

**¶6** The Act does not prohibit confirmation of an arbitration award prior to expiration of the 90-day deadline to move to vacate. Indeed, the comment to the relevant section of the Uniform Arbitration Act states that a court need not wait the entire 90 days before ruling on a motion to confirm. Uniform Arbitration Act § 22, cmt. 1 (2000). Instead, once the prevailing party moves to confirm, the opposing party may either: (1) file a motion to vacate at that time or (2) file a motion to vacate within the 90-day

statutory period.  *Id.*  The Arizona legislature did not modify the relevant provision or otherwise indicate that Arizona courts should follow a different procedure.  *Cf. In re Estate of Dobert*, 192 Ariz. 248, 252, ¶ 17, 963 P.2d 327, 331 (App. 1998) (If an Arizona statute is based on a uniform act, courts assume the legislature "intended to adopt the construction placed on the act by its drafters," and commentary to the uniform act is "highly persuasive unless erroneous or contrary to settled policy in this state.").

¶7        The arbitrator entered the Final Arbitration Award on March 8, 2011.  Therefore, the deadline for moving to vacate the award was June 6, 2011.  Kohner did not oppose the motion to confirm and did not timely move to vacate the award.  And neither in the superior court nor in this Court has Kohner asserted grounds on which he would be entitled to relief under A.R.S. § 12-3023(A).  Accordingly, we find no abuse of discretion in the superior court's decision to confirm the arbitration award.

¶8        We also reject Kohner's argument that the superior court should have granted him additional time to move to vacate the arbitration award or retain new counsel.  Under Arizona law, a party appearing without a lawyer is entitled to no more consideration than a party represented by counsel and is held to the same standard as an attorney.  *In re Marriage of Williams*, 219 Ariz. 546, 549, ¶ 13, 200 P.3d 1043, 1046 (App. 2008).  Moreover, Kohner has demonstrated no prejudice arising from the ruling.  He has, for example, identified no colorable claim or defense he might have advanced had he been given additional time or had the assistance of counsel.

**CONCLUSION**

¶9        We affirm the judgment of the superior court.  We deny Pyper's request for an award of attorneys' fees pursuant to A.R.S. § 12-341.01(A), which permits a discretionary award to the successful party in an action arising out of a contract.  The underlying issues in this case do not arise out of contract.  *See Barmat v. John & Jane Doe Partners A-D*, 155 Ariz. 519, 524, 747 P.2d 1218, 1223 (1987) (Legal malpractice claims do not arise out of contract for purposes of § 12-341.01.); *Dooley v. O'Brien*, 226 Ariz. 149, 154, ¶ 18, 244 P.3d 586, 591 (App. 2010) (Actions to enforce fiduciary duties created by law do not arise out of contract for purposes of § 12-341.01).

Additionally, although we disagree with Kohner's substantive claims, we decline to award fees as a sanction under ARCAP 25. However, as the prevailing party on appeal, Pyper is entitled to an award of costs upon compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
FILED: ama