NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

MARK BENEDICT DEKUTOSKI, *Petitioner/Appellant*,

*v.*

SHAUN ELIZABETH DEKUTOSKI, *Respondent/Appellee*.

No. 1 CA-CV 21-0260 FC
FILED 3-31-2022

Appeal from the Superior Court in Maricopa County
No.  FN2018-003537
The Honorable Bradley H. Astrowsky, Judge

**AFFIRMED**

COUNSEL

Abram & Meell PA, Phoenix
By Gregory J. Meell
*Counsel for Petitioner/Appellant*

Warner Angle Hallam Jackson & Formanek PLC, Phoenix
By David N. Horowitz, Chris R. Baniszewski, Yvonne S. Tindell
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Brian Y. Furuya joined.

---

**P E R K I N S**, Judge:

¶1　　　　Mark Benedict Dekutoski ("Husband") appeals the superior court's order denying his motions and dissolving his marriage to Shaun Elizabeth Dekutoski ("Wife"). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2　　　　The parties married in June 1986. Husband petitioned to dissolve the marriage in May 2018. The parties stipulated to hire Barry Brody, a local divorce lawyer, to mediate the division of their property and debt, resulting in an Arizona Rule of Family Law Procedure 69 Agreement ("Agreement"). The Agreement contained the following arbitration provisions:

- The parties shall agree on a division of personal property based upon the spreadsheet of November 8, 2018 ("Spreadsheet"). In the event the parties cannot agree, Barry Brody shall arbitrate the dispute.

- In the event of a dispute with respect to a term of settlement, or the memorialization of a term of settlement into the final documents, Barry Brody shall arbitrate the dispute.

¶3　　　　On April 26, 2019, the parties stipulated to a 30-day continuance on the superior court's dismissal calendar to attend arbitration on May 2, 2019. Wife and her counsel attended, as did Husband's counsel. Brody found Husband "waived his presence" by not appearing. Brody issued an arbitration award ("Award") about two weeks later.

¶4　　　　The Award addressed the parties' dispute over a bedframe, mattress, and nightstand ("Furniture") in Wife's possession. Wife included the Furniture in her "possibly" column in the Spreadsheet, but both parties sought ownership of it. Neither party provided any evidence about the

2

Furniture's present value. The Award allocated the Furniture to Wife because "Husband had his opportunity to remove the property" from the parties' residence and delivering the Furniture to him "would be costly and inefficient."

¶5            Brody issued two supplemental arbitration awards in July 2019 after Husband challenged the Furniture's allocation. One of the supplemental awards recognized Husband "never had the opportunity to remove the furniture before Wife placed it in storage." But that supplemental award also recognized the parties "likely [had] a binding agreement wherein Wife was to receive the furniture," and affirmed the Award.

¶6            Wife filed a Notice of Lodging Decree of Dissolution in August 2019. Husband objected to Wife's lodged decree because it stated, "Wife lodges this Decree of Dissolution of Marriage to bring any issues between the parties to the Court for final review and determination." He argued the purpose of this language "was to have the Court make substantive determinations of material issues of dispute" in violation of Rule 78(f). Husband also objected to Wife's lodged decree because it included a settlement agreement he never signed. The superior court signed and entered Wife's lodged decree in September 2019 ("Decree") without addressing Husband's objections.

¶7            In April 2020, the superior court acknowledged that it prematurely signed the Decree. The court vacated the Decree, addressed and rejected Husband's objections, and gave Husband 35 days to challenge the supplemental arbitration awards. Husband then moved to vacate the arbitration awards, claiming "there was no informed and enforceable agreement to arbitrate." The court denied his motions.

¶8            In March 2021, the superior court issued a minute entry re-entering the Decree, and Husband appealed. Wife contends his appeal was untimely, depriving us of jurisdiction, but the superior court's re-entry of the Decree constituted the final decree dissolving the marriage. Husband's April 15, 2021, Notice of Appeal was timely and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

I.            **Reentry of Decree**

¶9            Husband argues the superior court erred when it re-entered the Decree because it "violated [Rule 78] and was based on substantive

3

rulings made without an evidentiary hearing." Husband failed to sufficiently develop his arguments as to why the Decree was "improper," nor did he provide our court with "citation to supporting legal authority." ARCAP 13(a)(7)(B). "We are not required to look for the proverbial needle in the haystack. We must insist that a bona fide and reasonably intelligent effort to comply with the rules be manifest." *In re Aubuchon*, 233 Ariz. 62, 64, ¶ 6 (2013) (cleaned up). Husband thus waived this argument on appeal. *See id.*

## II.        Arbitration

**¶10**        Husband challenges all the arbitration awards. He argues the Agreement contained no enforceable arbitration provisions and the arbitrator exceeded his authority when he issued the awards.

### A.        Enforceability of Arbitration Clause

**¶11**        Arbitration agreements are "valid, enforceable and irrevocable except on a ground that exists at law or in equity for the revocation of a contract." *See* A.R.S. § 12-3006(A). "Generally, legal or equitable grounds for revoking any contract include allegations that the contract is void for lack of mutual consent, consideration or capacity or voidable for fraud, duress, lack of capacity, mistake or violation of a public purpose." *Austin v. Austin*, 237 Ariz. 201, 206, ¶ 12 (App. 2015) (cleaned up). "The validity and enforceability of a contract is a mixed question of law and fact, which we review *de novo*." *Buckholtz v. Buckholtz*, 246 Ariz. 126, 129, ¶ 10 (App. 2019).

**¶12**        Husband and his attorney signed the Agreement, which contained multiple arbitration provisions. Two of those provisions designated Brody to arbitrate disputes over personal property and settlement terms. Husband raised no contract defenses in the superior court or on appeal. In other words, he has not raised a valid basis on which we could find the arbitration provisions unenforceable.

**¶13**        Husband argues the arbitration clauses were unenforceable because he lacked information and did not understand the Agreement. He believes his counsel failed to provide adequate advice on arbitration. But ineffective assistance of counsel offers no defense to valid arbitration agreements or arbitration awards under Arizona law. *See* A.R.S. § 12-3023(A) (setting forth bases for a court to vacate an arbitration award). We find no error.

### B.    Arbitration Awards

**¶14**    Husband's other arguments question the validity of the arbitration awards. "Just as the superior court reviews an arbitrator's award in the light most favorable to affirming, we review the superior court's decision in the light most favorable to upholding its decision . . . and affirm unless we conclude that the superior court abused its discretion." *Atreus Cmtys. Grp. of Ariz. v. Stardust Dev., Inc.*, 229 Ariz. 503, 506, ¶ 13 (App. 2012).

**¶15**    Arbitration awards must be vacated if the arbitrator exceeds his powers. *See* A.R.S. § 12-3203(A)(4). An arbitrator's decisions on questions of law and fact are final and courts will not disturb them unless the arbitrator acted outside the scope of issues submitted for arbitration. *See Smitty's Super-Valu, Inc. v. Pasqualetti*, 22 Ariz. App. 178, 180–81 (App. 1974).

**¶16**    Husband argues Brody exceeded his authority by awarding the Furniture to Wife "contrary to their agreement," but the Agreement did not clarify who got the Furniture and designated Brody to arbitrate, "[i]n the event the parties [could not] agree."  After hearing Wife's testimony, and reviewing Husband's later motions, Brody affirmed the Award's allocation of the Furniture. The Award, and Brody's later affirmation, thus fell squarely within Brody's scope of authority under the Agreement.

**¶17**    Husband also argues he received insufficient notice of the arbitration and Brody improperly proceeded in his absence. An arbitrator must give at least five days' notice of the time and place for a hearing. *See* A.R.S. § 12-3015(C). "The arbitrator may hear and decide the controversy on the evidence produced although a party who was duly notified of the arbitration proceeding did not appear." *Id.* Arbitration awards must be vacated if "conducted without proper notice of the initiation of an arbitration . . . so as to prejudice substantially the rights of a party to the arbitration proceeding." A.R.S. § 12-3023(A)(6).

**¶18**    On April 26, 2019, the parties filed a stipulated request to continue their dissolution proceeding on the superior court's inactive calendar to attend arbitration on May 2, 2019. Husband's counsel signed that stipulation and was present during the arbitration. Husband does not assert Brody failed to comply with the five-day statutory notice requirement. Instead, Husband seems to assert that Brody needed to accommodate his "demanding schedule" in setting the arbitration hearing by providing "about 4 weeks advance notice" to Husband. Husband received the statutory notice and neither he nor his attorney raised this objection before the arbitration proceedings began. Brody had the authority

to proceed in Husband's absence. *See* A.R.S. § 12-3015(C) (allowing arbitrator to "hear and decide the controversy on the evidence produced although a party who was duly notified of the arbitration proceeding did not appear."). The superior court did not abuse its discretion by finding the arbitration awards valid.

**III.      Attorneys' Fees**

**¶19**      Both parties request attorneys' fees on appeal. After considering the financial resources of both parties and the reasonableness of their positions, we grant Wife her reasonable attorneys' fees and costs upon compliance with ARCAP 21.

<strong>CONCLUSION</strong>

**¶20**      We affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AA