IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

CHAYCE CONCRETE, LLC, *Plaintiff/Appellee,*

*v.*

PATH CONSTRUCTION SOUTHWEST, LLC, et al., *Defendants/Appellants.*

No. 1 CA-CV 24-0030

FILED 10-22-2024

———————————————

Appeal from the Superior Court in Maricopa County
No. CV2022-008136
The Honorable Bradley H. Astrowsky, Judge

**VACATED AND REMANDED**

———————————————

COUNSEL

Husch Blackwell LLP, Phoenix
By Brendan A. Melander
*Counsel for Defendants/Appellants*

Thrasher Law PLLC, Phoenix
By Bobby O. Thrasher, Jr.
*Co-Counsel for Plaintiff/Appellee*

Hill, Hall & Deciancio, PLC, Phoenix
By Christopher Robbins
*Co-Counsel for Plaintiff/Appellee*

--------------------------------

## OPINION

Presiding Judge Jennifer B. Campbell delivered the opinion of the Court, in which Judge Kent E. Cattani and Judge Paul J. McMurdie joined.

--------------------------------

**C A M P B E L L**, Judge:

¶1          This is an appeal from the superior court's order vacating an arbitration award under A.R.S. § 12-3023(A)(1) and (A)(3). We vacate the court's order because it hinges on unsupported findings. We remand for the trial court to confirm the arbitration award.

## BACKGROUND

¶2          Path Construction Southwest, LLC, was the general contractor on a City of Scottsdale trailhead improvement project. Chayce Concrete, LLC, was a subcontractor hired to work on the project. Path sought damages related to Chayce's alleged failure to complete its work, including damages arising from the project's delayed completion. Chayce sought damages related to Path's alleged failure to make payments. Both agreed to submit to binding arbitration to resolve the performance and payment disputes.

¶3          The parties agreed that the arbitration would be governed by the American Arbitration Association's Construction Industry Arbitration Rules and Mediation Procedures (the AAA Rules), and that a private attorney would serve as the arbitrator. Consistent with AAA Rule R-24, the parties agreed to exchange all documents they intended to rely on, and that each could request production of additional relevant information.

¶4          Chayce served requests for production, and Path responded with more than 7,000 documents. Path also objected in writing to producing certain categories of requested documents. Path made general objections claiming the documents requested were irrelevant, information not in its possession, or were information to which both parties had access. Path also made specific objections indicating that it would not be producing documents related to third-parties' work on the project. Path repeatedly confirmed that it would "be producing responsive documents related only to work completed by Chayce and/or to be completed by Chayce for [the project]."

¶5        Three months after Path's production and objections and only a few days before the arbitration hearing, Chayce raised issues with Path's objections for the first time. In a pre-hearing brief, Chayce argued that Path's objections constituted a deliberate refusal to provide exculpatory information about the possibility that third parties contributed to the project's delayed completion and Path's alleged damages. Chayce also argued that Path should have produced documents related to its contract with the City and the retention of a subcontractor to replace Chayce on the project. Chayce argued that it could be assumed that the undisclosed documents undercut Path's narrative—but Chayce did *not* request that the arbitration be continued to allow resolution of the discovery issue. The arbitration hearing went forward as scheduled.

¶6        There is no transcript from the arbitration hearing. At the oral argument in the superior court on the motion to vacate the arbitration award, Chayce asserted that its counsel repeatedly requested a postponement at the arbitration hearing. But Chayce provided no evidence confirming that assertion. To the contrary, it was Path's counsel who provided a sworn declaration stating that he did not recall any request for postponement being made.

¶7        In a post-hearing brief to the arbitrator, Chayce did not once refer to any previous request for postponement. Nor did it request a post-hearing continuance or any other proceedings at the arbitration level to address discovery issues. Chayce argued instead that Path's nondisclosure of third-party information precluded an assessment of delay damages against Chayce. Chayce stated that witness Sean Lynch testified at the arbitration hearing that Path sought and recovered delay damages from other subcontractors. Chayce also argued—for the first time—that Path's nondisclosure of information about its pay-application communications with the City entitled Chayce to an adverse inference. Chayce stated that Path presented no evidence that it submitted Chayce's pay applications to the City.

¶8        The arbitrator issued a partial final award that addressed Chayce's nondisclosure arguments without mentioning any postponement request. The arbitrator penalized Path for failing to disclose information about third parties' possible contributions to the completion delay by precluding all delay damages. The arbitrator explained he "refus[ed] to reward Path for preventing Chayce's counsel from discovering potential, relevant information related to these delay issues." In sum, Chayce prevailed on delay damages as a direct result of Path's failure to produce relevant documents.

**¶9**        The arbitrator concluded, however, that Chayce could not recover damages based on Path's nondisclosure of information related to the status of the City's progress payments on Chayce's pay applications (which, the arbitrator noted, Chayce could have monitored by filing a request with the City under A.R.S. § 34-221(H)[1]). The arbitrator found that documentary evidence showed that one pay application was rejected by Path, and that Chayce then chose to abandon its work rather than submit a corrected application.

**¶10**        The arbitrator concluded that "Path did not materially breach the Subcontract by lawfully withholding submittal to the City or certification of Chayce's Pay Applications pursuant to A.R.S. § 34-221(I)," which "allow[ed] Path . . . to withhold from the City a subcontractor's pay application or the certification of a subcontractor's pay application for a number of reasons including unsatisfactory job progress and defective construction work." The arbitrator awarded Path nearly $95,000 in damages based on Chayce's abandonment of its work under the subcontract, plus attorney's fees and costs totaling about $77,000.

**¶11**        Path, along with its insurer, moved the superior court to confirm the arbitration award and enter judgment. Chayce objected and moved to vacate the award, arguing that the arbitrator "awarded damages to Path notwithstanding its withholding of critical evidence from Chayce" and "refused Chayce's request to continue the matter in violation of A.R.S. § 12-3023(A)(3)." In briefing before the superior court, Chayce emphasized that Path refused to provide information regarding third-parties' work despite Lynch's testimony that Path had also blamed other subcontractors for the completion delay—information relevant to determining the delay damages that Path sought (but was not awarded). Chayce also emphasized that Path failed to provide information regarding pay-application submissions and communications to the City for Chayce's work—information relevant to Chayce's payment claims. But, contrary to Chayce's representations at oral argument on appeal, Chayce never alleged—in any of the arbitration or superior court proceedings—that Lynch testified these documents existed (unlike the arbitrator's finding that Path lawfully withheld the pay applications from the City).

---

[1]        Under A.R.S. § 34-221(H), "[a] subcontractor . . . may notify the purchasing agency in writing requesting that the subcontractor . . . be notified by the purchasing agency in writing within five days after payment of each progress payment that is made to the contractor," with the request remaining effective "for the duration of the subcontractor's . . . work on the project."

¶12 After briefing and oral argument, the superior court vacated the arbitration award, finding that the award violated A.R.S. § 12-3023(A)(1) because "Path committed misconduct by intentionally withholding critical information necessary for Chayce to prove claims and defenses." The court also found that the award violated A.R.S. § 12-3023(A)(3) because "[t]he Arbitrator refused Chayce's request to continue the matter," thereby "den[ying] Chayce the ability to obtain and present critical evidence" and "substantially prejudic[ing] Chayce." Path and the insurance company appealed.

## DISCUSSION

¶13 Arizona public policy favors arbitration as a means for resolving disputes. *Clarke v. ASARCO Inc.*, 123 Ariz. 587, 589 (1979). Accordingly, Arizona's revised uniform arbitration act "strictly limits the superior court's options after the arbitration process is complete." *Hamblen v. Hatch*, 242 Ariz. 483, 490, ¶ 31 (2017). "An arbitrator's decision generally is final and conclusive; the act provides very limited grounds for the trial court to deny confirmation of an arbitration award . . . ." *Fisher v. Nat'l Gen. Ins. Co.*, 192 Ariz. 366, 369, ¶ 11 (App. 1998) (construing an earlier version of the act). The superior court's review is not for factual or legal error, *see Atreus Cmtys. Grp. of Ariz. v. Stardust Dev., Inc.*, 229 Ariz. 503, 506, ¶ 13 (App. 2012), and the court may not substitute its view of the evidence for the arbitrator's, *see Pawlicki v. Farmers Ins. Co.*, 127 Ariz. 170, 173–74 (App. 1980). "The superior court may reject an arbitration award *only* on [the] narrow statutorily enumerated grounds" of A.R.S. § 12-3023, *Russell Piccoli P.L.C. v. O'Donnell*, 237 Ariz. 43, 49, ¶ 23 (App. 2015) (emphasis added) (citation omitted), as proved by the party challenging the award, *Fisher v. USAA Cas. Ins. Co.*, 245 Ariz. 270, 272, ¶ 9 (App. 2018).

¶14 We review orders granting arbitration awards for abuse of discretion. *Atreus Cmtys.*, 229 Ariz. at 506, ¶ 13. Path urges us to adopt a less deferential de novo standard to review orders vacating arbitration awards, pointing to the absence of Arizona case law on the issue and several Ninth Circuit cases. We need not resolve this issue because the superior court erred under either standard.

### I. Vacatur Under A.R.S. § 12-3023(A)(1)

¶15 We start with the superior court's ruling that vacatur was required under A.R.S. § 12-3023(A)(1), which provides that the court shall vacate an arbitration award if it "was procured by corruption, fraud or other undue means." "[U]ndue means" requires proof of intentional misconduct—i.e., "some type of bad faith" action, not merely "sloppy or

overzealous lawyering." *FIA Card Servs., N.A. v. Levy*, 219 Ariz. 523, 525, ¶ 7 (App. 2008) (citations omitted).

**¶16** The court found that Path "committed misconduct by intentionally withholding critical information." The record here does not support the court's finding. To be sure, Path withheld certain information when responding to Chayce's requests for production. But Path did not obfuscate its nondisclosure—to the contrary, it clearly and repeatedly stated which categories of information it would not produce and provided the basis of the objection to production for each category of requested documents. And Chayce gave Path little opportunity to cure the alleged deficiencies—Chayce asked for the information once, received responses and objections, and then waited four months, until mere days before the arbitration hearing, to express its dissatisfaction with the production provided. And even then, Chayce did not ask the arbitrator to exercise his authority under the governing AAA Rules to order the production of evidence deemed "necessary to an understanding and determination of the dispute." AAA Rule R-35(a). As the civil rules demonstrate, a party must raise discovery issues timely for noncompliance to constitute misconduct. *See* Ariz. R. Civ. P. 37(a) (providing that in civil cases, a party may move to compel production only after good faith consultation to resolve the issue).

**¶17** Even assuming that Path's production was incomplete, nothing suggests that Path engaged in corruption, fraud, or undue means. Further, consistent with the arbitrator's authority to weigh the evidence, *see* AAA Rule R-35, Path was penalized for its failure to disclose the third-party information. The court's vacatur of the arbitration award was not justified under A.R.S. § 13-3023(A)(1).

## II. Vacatur Under A.R.S. § 12-3023(A)(3)

**¶18** We next address the superior court's ruling that vacatur was required under A.R.S. § 12-3023(A)(3), which provides that the court shall vacate an arbitration award if the "arbitrator refused to postpone the hearing on showing of sufficient cause for postponement . . . so as to prejudice substantially the rights of a party to the arbitration proceeding."

**¶19** The court premised its ruling on findings that the arbitrator "refused Chayce's request to continue the matter" based on Path's withholding of "critical evidence" to Chayce's "substantial prejudice[]." The record does not support these findings or the court's ruling.

**¶20** First, there is no evidence that Chayce requested to postpone the arbitration to allow resolution of the discovery issues. Though Chayce's

counsel stated at oral argument in the superior court that he had asked for a postponement at the arbitration hearing, this assertion is not evidence. *See Quine v. Godwin*, 132 Ariz. 409, 412 (App. 1982) (recognizing that counsel's arguments are not evidence). In fact, the only *evidence* about postponement in the record is a sworn declaration from Path's counsel avowing he did not remember Chayce ever requesting a postponement. And, consistent with that declaration, neither Chayce nor the arbitrator ever documented any postponement request. The record simply does not support the court's finding that Chayce requested a postponement before the close of the arbitration hearing. Accordingly, vacatur was unwarranted under A.R.S. § 13-3023(A)(3).

**¶21**　　　　But even were we to assume that Chayce requested a postponement in the arbitration proceedings, vacatur was still inappropriate under A.R.S. § 13-3023(A)(3) because, under the AAA Rules, Chayce waived its objection to the denial of the alleged request. The AAA Rules provide that "[t]he arbitrator for good cause shown may postpone any hearing," but "[a]ny party who proceeds with the arbitration after knowledge that any provision or requirement of these Rules has not been complied with and who fails to state an objection *in writing* shall be deemed to have waived the right to object." AAA RulesR-31, R-42 (emphasis added). Chayce did not preserve its objection to the denial of the alleged postponement request in writing, either at the hearing or in its post-hearing brief.

**¶22**　　　　Finally, even were we to assume that Chayce properly requested a postponement and preserved an objection to the request's denial, the arbitrator had discretion to manage the parties' exchange of information, weigh the evidence, and determine whether a postponement was warranted under the circumstances. *See* AAA Rules R-24, R-31, R-35; *Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co., Inc.*, 180 Ariz. 148, 150 (1994) (holding that arbitration panel "did not abuse its discretion in denying . . . motions" for withdrawal of counsel and continuance given lack of prejudice); *see also Moore v. Olson*, 351 P.3d 1066, 1075–76 (Alaska 2015) (noting, when construing Alaska's substantially similar statute, that courts typically reject claims for vacatur based on the denial of a postponement request, and holding that denial was justified in the case at bar because the claims were untimely raised and failed to describe adequate cause). On this record, where Chayce waited until just before the hearing to raise with the arbitrator complaints about identified nondisclosures and the arbitrator expressly accounted for the nondisclosures in his decision, the arbitrator acted well within his discretion by proceeding with the hearing. The correctness of the arbitrator's factual and legal decisions was beyond the

scope of the superior court's review. *See Atreus Cmtys.*, 229 Ariz. at 506, ¶ 13. Accordingly, the court erred by vacating the arbitrator's award under A.R.S. § 12-3023(A)(3).

## CONCLUSION

**¶23** We reverse the vacatur of the arbitration award, including all findings that Path committed misconduct. We remand for the superior court to confirm the award consistent with A.R.S. § 12-3023(D). In the exercise of our discretion, we deny Path's request for attorney's fees and expenses on appeal under A.R.S. §§ 12-341.01 and -3025. We also deny Chayce's request for attorneys' fees under A.R.S. § 12-341.01. Path may recover its costs under A.R.S. § 12-341 upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV