NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

WILLIAM MOLIM SIU, *Plaintiff/Appellant,*

*v.*

THE CAVANAGH LAW FIRM, PA, *Defendant/Appellee.*

No. 1 CA-CV 17-0601
FILED 10-2-2018

---

Appeal from the Superior Court in Maricopa County
No.  CV2015-012851
The Honorable Daniel J. Kiley, Judge

**AFFIRMED**

---

COUNSEL

Miller Pitt Feldman & McAnally PC, Tucson
By Gerald Maltz, Stanley G. Feldman
*Counsel for Plaintiff/Appellant*

Jones, Skelton & Hochuli PLC, Phoenix
By Donald L. Myles, Jr., Eileen Dennis GilBride, J. Gary Linder, Patrick C.
    Gorman
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge Peter B. Swann joined.

---

**H O W E**, Judge:

¶1          William Molim Siu appeals from the trial court's grant of partial summary judgment in favor of The Cavanagh Law Firm, P.A. ("Cavanagh") on his claims for legal malpractice. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          This legal malpractice action arises from divorce proceedings involving Siu and his former wife, Helen Yu-Wen Chang. Cavanagh represented Siu in those proceedings. As part of the divorce proceedings, Siu and Chang stipulated to submit their property division to private arbitration under the Arizona Revised Uniform Arbitration Act. *See* A.R.S. §§ 12–3001 to –3029. The parties' agreement to arbitrate purportedly preserved their right "to appeal a final Arbitration Award to the Arizona Court of Appeals[.]" *Chang v. Siu*, 234 Ariz. 442, 444 ¶ 3 (App. 2014).

¶3          The parties participated in a nine-day arbitration hearing before a retired trial court judge ("Arbitrator"), which centered on the division of separate and community property. More specifically, the parties asked the Arbitrator to determine whether Siu's separate property that he had deposited into certain Merrill Lynch accounts containing community funds could be traced. The record showed that Siu had closed his sole and separate accounts after the marriage and transferred his separate funds into a Merrill Lynch account established during the marriage, which contained community funds. Thereafter, funds were transferred from that community account to more than ten Merrill Lynch subaccounts. The parties' jointly-retained accounting expert, Craig Reinmuth, was unable to trace the funds to their original source. Chang's separately-retained accounting expert, Laura Leopardi, concluded that "extensive commingling" prevented "specific identification and tracing" of the Merrill Lynch account funding sources. In his deposition, Siu himself admitted that he had seen no reason to "segregate income and expenses" in the accounts.

¶4 After the hearing, the Arbitrator issued a lengthy ruling concluding that "[w]ithout question, [Siu] voluntarily and without compulsion deposited his sole and separate funds and the parties' funds into the same accounts and thereafter voluntarily mixed the two together when he (or others he chose) made transactions both within and between the numerous accounts." After determining that Siu had failed to present clear and convincing evidence tracing his separate property, the Arbitrator concluded that the "entirety of the funds in the Merrill Lynch accounts have become community property," and therefore, the accounts should be divided equally.

¶5 The trial court entered a judgment and decree of dissolution incorporating the Arbitrator's findings and conclusions. Siu appealed from that judgment to this Court, and we issued an opinion holding that despite the language in the parties' agreement preserving their appellate rights, this Court lacked jurisdiction to review the merits of the Arbitrator's ruling. *See Chang*, 234 Ariz. at 446–48 ¶¶ 14–23 (App. 2014). Having determined that the Arbitrator had not exceeded the bounds of his authority, this Court affirmed the trial court's confirmation of the arbitration ruling. *See id.* at 448 ¶¶ 23–24.

¶6 Siu then filed a complaint against Cavanagh asserting claims for professional negligence and breach of fiduciary duty. Specifically, Siu argued that Cavanagh had (1) "contracted away Mr. Siu's right[s]" to a merits-based appeal and (2) failed to "engage a separate forensic accounting expert[.]" Cavanagh moved for summary judgment arguing that the record was "devoid of causation evidence" necessary to demonstrate that Siu would have won his divorce case had Cavanagh done what Siu alleged it should have done. The trial court granted partial summary judgment in favor of Cavanagh on all claims, with the exception of Siu's pending claim that Cavanagh had failed to retain an independent accounting expert. After Siu unsuccessfully moved for reconsideration, he timely appealed.

## DISCUSSION

¶7 A trial court should grant summary judgment "if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Orme Sch. v. Reeves,* 166 Ariz. 301, 309 (1990); *see* Ariz. R. Civ. P. 56(a). On appeal, this Court's "task is to determine de novo whether any genuine issues of material fact exist and whether the trial court incorrectly

applied the law." *Parkway Bank & Tr. Co. v. Zivkovic*, 232 Ariz. 286, 289 ¶ 10 (App. 2013).

## 1. Causation as an Issue of Law

**¶8**        Siu first argues that the trial court "erred in treating causation as a pure issue of law to be decided on summary judgment." He contends that because Cavanagh's alleged malpractice fell on the trial-level side of the continuum, the case presented factual issues that a jury should decide.

**¶9**        As with all negligence cases, a legal malpractice plaintiff must prove duty, breach of duty, causation, and damages. *See Glaze v. Larsen,* 207 Ariz. 26, 29 ¶ 12 (2004). In what is commonly referred to as the "case within the case" doctrine, the plaintiff bears the burden of proving that "but for the attorney's negligence, he would have been successful in the prosecution or defense of the original suit." *Phillips v. Clancy,* 152 Ariz. 415, 418 (App. 1986).

**¶10**        In *Phillips v. Clancy*, this Court explained that "appellate level malpractice" should be resolved by the judge as a question of law, while "trial level malpractice" should go to the jury:

> Appellate level malpractice commonly occurs when the original trial has ended and the attorney fails to timely file an appeal. The plaintiff must prove that an appellate court would have (1) granted review, and (2) rendered a favorable judgment. Courts have consistently found that these determinations are questions of law for the trial judge, rather than questions of fact for the jury. . . . *[W]here issues of causation in a legal malpractice action hinge upon the possible outcome of an appeal, such issues are to be resolved by the trial judge as questions of law.*

152 Ariz. at 421 (emphasis added). The Restatement adopts this same approach: "What would have been the result of an appeal in the previous action is . . . an issue of law to be decided by the judge in the negligence or fiduciary-breach action." Restatement (Third) of the Law Governing Lawyers § 53 cmt. b (2000). Conversely, the *Phillips* court defined "trial level malpractice" as occurring in cases in which "the attorney's negligence either precluded a trial on the merits, or prevented the client's case from being presented according to professional standards[,]" and explained that, in such cases, a jury "should decide the disputed factual issues pertaining to the original suit." *Phillips*, 152 Ariz. at 421.

¶11 In responding to Cavanagh's motion for summary judgment, Siu argued that Cavanagh breached its duty by contracting away his rights to a merits-based review of the Arbitrator's ruling. To succeed on his case within a case, Siu had to prove that but for Cavanagh's alleged negligence, he should have won a merits-based appeal. Because the issue of causation hinges upon the possible outcome of an appeal, the court properly determined causation as a matter of law. *See id.* Thus, we affirm the trial court's decision to treat Siu's claims relating to the possible outcome of a merits-based appeal as a question of law.

¶12 Siu also argued that Cavanagh failed to "engage a separate forensic accounting expert[.]" The trial court determined that this allegation involved "trial level malpractice," and presented factual issues that should be determined by a trier of fact. Accordingly, the court correctly denied summary judgment on this claim.

## 2. Standard of Review

¶13 Siu next argues that even if his malpractice claim presented an issue of law, "sufficient evidence of record to raise a triable issue of causation" prevented summary judgment. Siu argues that the trial court should have applied de novo review to the Arbitrator's decision because that standard of review "applies to the classification of property as separate/community." He contends that if the record contained "any evidence which would permit reasonable jurors" to find the likelihood of his prevailing in the case within the case, then the court was required to submit the issue of causation to the jury.

¶14 As explained above, to establish causation on his claim that Cavanagh was negligent in "misinforming him" that the Arbitrator was bound to follow the law and that the Arbitrator's award would be "subject to judicial review as if the case were tried in the superior court[,]" Siu had to prove (1) that he "should have" prevailed had he been afforded the opportunity for a merits-based appeal or (2) that he would have prevailed if he had appeared before a trial court instead of an arbitrator. *See Phillips*, 152 Ariz. at 421 (explaining that the case-within-a-case methodology requires a determination of what the outcome "should have been"). In other words, Siu must prove that this Court would have reversed the Arbitrator's

decision in whole or in part or that he would have won his case before a trial court.[1]

¶15        Siu is correct that if he had been able to appeal the merits of his property division to this Court, we would have reviewed the characterization of the property as separate or community de novo. *See In re Marriage of Pownall*, 197 Ariz. 577, 581 ¶ 15 (App. 2000) ("The characterization of the property . . . is a conclusion of law which this court reviews *de novo*."). In doing so, however, we would have viewed "all evidence and reasonable conclusions therefrom in the light most favorable to supporting" the Arbitrator's decision regarding the nature of the property. *See Sommerfield v. Sommerfield*, 121 Ariz. 575, 577 (1979) ("On appeal we view all evidence and reasonable conclusions therefrom in the light most favorable to supporting the decision of the trial court regarding the nature of property as community or separate."); *see also Hatcher v. Hatcher*, 188 Ariz. 154, 157 (App. 1996) ("We view all the evidence and reasonable conclusions therefrom in the light most favorable to supporting the trial court's decision regarding the nature of the property as either community or separate.").

¶16        Our review of the arbitration record reveals substantial evidence to support the Arbitrator's decision. As the trial court noted, the Arbitrator's ruling includes numerous findings of fact regarding the commingling of property in the Merrill Lynch accounts, which are supported by the arbitration record. Under Arizona law, if "community property and separate property are commingled, the entire fund is presumed to be community property unless the separate property can be explicitly traced." *Cooper v. Cooper*, 130 Ariz. 257, 259 (1981) (citations and quotations omitted). The party claiming that commingled funds contain separate property has the burden of proving that all or a portion of the funds are separate property by clear and convincing evidence. *See id.* at 259–60.

¶17        Viewing the evidence and all reasonable conclusions therefrom in the light most favorable to supporting the Arbitrator's decision, and applying de novo review to the characterization of the property, we conclude that a reasonable appellate court would have affirmed the Arbitrator's decision to characterize the Merrill Lynch

---

[1]        We recognize that analysis of an appeal of the legal merit of an arbitrator's decision is an artificial exercise because such decisions are not subject to traditional review in a court. The unique circumstances of this case, however, require us to engage in this hypothetical inquiry.

accounts as community property and to divide them equally. Because the alleged malpractice arises from Cavanagh's failure to preserve Siu's right to a merits-based appeal, the trial court properly placed itself in the shoes of an appellate court. Siu also claims that he would have prevailed had the case been held before a trial court. Siu argues that the Arbitrator was not bound to follow the law; thus, his chances of success before the Arbitrator were less favorable. But he has not presented this Court with any supporting authority for this assertion nor are we aware of any that exists. Thus, this argument is not persuasive. We find no error in the standard of review applied by the trial court and affirm the grant of partial summary judgment.

### 3. Other Issues

**¶18** Siu further argues that the trial court "erroneously disregarded expert testimony in granting summary judgment." Specifically, he contends that the court disregarded the testimony of (1) Reinmuth, the jointly retained forensic accounting expert who testified at the Arbitration hearing; (2) Eric Lee, certified fraud examiner retained by Siu for the malpractice action; and (3) Judge J. William Brammer, Jr., a retired appellate court judge, also retained by Siu for the malpractice action.

**¶19** The trial court did not disregard these experts' testimony. Rather, the court's ruling specifically referred to Reinmuth's testimony multiple times. The ruling also referred to Lee's testimony in denying summary judgment on Siu's claim that Cavanagh failed to retain a separate accounting expert. The ruling likewise referred to Judge Brammer's testimony and explained that because Judge Brammer did not review the entire arbitration record, he was unable to ascertain whether sufficient evidence supported the Arbitrator's ruling.

**¶20** Siu finally argues that the trial court "disregarded Chang's concessions that Siu had separate property" and Cavanagh's "prior conflicting judicial representations." We have no reason to believe that the court failed to consider this evidence before issuing its decision. *See Fuentes v. Fuentes*, 209 Ariz. 51, 55 ¶ 18 (App. 2004) (noting that although the trial court's minute entry did not specifically reference certain evidence, the evidence is "presumed to have been fully considered by the court prior to issuing its decision"). Chang's concession that Siu had separate property does not alter the conclusion that Siu commingled his separate property with the community property to the extent that the separate property was no longer traceable. Cavanagh's prior statements made while representing

Siu did not preclude the determination that a reasonable appellate court would not have reversed the Arbitrator's property division.

**¶21**      The trial court's detailed ruling reflects that it carefully considered all relevant testimony and evidence in reaching its conclusion that Siu failed to show that, absent Cavanagh's alleged negligence, he would have prevailed on a merits-based appeal or before a trial court rather than an arbitrator.

## CONCLUSION

**¶22**      For the foregoing reasons, we affirm. We award costs to Cavanagh upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA