NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

RAJENDRA SHASTRI, et al., *Plaintiffs/Appellants*,

*v.*

AMRUT PATEL, et al., *Defendants/Appellees*.

No. 1 CA-CV 24-0186
FILED 01-09-2025

Appeal from the Superior Court in Maricopa County
No. CV2022-015215
The Honorable M. Scott McCoy, Judge

**AFFIRMED IN PART; VACATED IN PART**

COUNSEL

Fennemore Craig, PC, Phoenix
By Kevin J. Bonner, Nyla Knox
*Counsel for Plaintiffs/Appellants*

Clark Hill, PLC, Scottsdale
By Sean M. Carroll, Jarin Kiel Giesler, Ryan J. Lorenz
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Anni Hill Foster joined.

---

**P A T O N**, Judge:

¶1        Rajendra Shastri, Anita Shastri, Chandravadan K. Shastri, Pushpa C. Shastri, Vijay K. Shastri, and Bhagwatiben V. Shastri (the "Shastris") appeal from the superior court's judgment affirming its order dismissing the Shastris' complaint and compelling arbitration and subsequent order confirming an arbitration award for Amrut and Pushpa Patel (the "Patels"). For the following reasons, we affirm the portion of the superior court's judgment compelling the second arbitration but vacate its confirmation of the arbitration award.

## FACTS AND PROCEDURAL HISTORY

¶2        The Shastris and the Patels entered into an agreement ("Operating Agreement") in 1996 to form Sri Krsna Investments, L.L.C. (the "Company") to operate a hotel in Safford, Arizona. The Operating Agreement mandates arbitration "[i]f any Member disputes any matter under this Agreement." A party initiates arbitration by "giv[ing] a written notice of demand for arbitration," referred to as the "Initial Notice," to the other party which must contain a proposed resolution, called the "Initial Resolution." All notices "shall be in writing and shall be given by hand delivery, facsimile transmission or by certified mail, return receipt requested, at the last known address of the Member." The respondent has 30 days to respond, or the Initial Resolution becomes effective as an arbitration award.

¶3        In June 2019, the Patels emailed the Shastris to express an interest in retiring and offered to sell them their share of the hotel. The Shastris responded to the Patels with a September 2021 letter purporting to confirm the sale of the Patels' interest in the Company. The Patels signed the letter and the Shastris refer to it as the "Sales Agreement." The Company-hired appraiser valued the Patels' interest at $972,000 in November 2021, and the Shastris sent the Patels a check payment of 25% of the appraisal amount, with the remaining balance payable in monthly installments as they believed the Operating Agreement required. The

Patels hired a different appraiser who concluded the total business value was $4.9 million. The Patels did not deposit the Shastris' initial payment check.

**¶4** On September 16, 2022, the Patels' attorney sent an Initial Notice for Arbitration to the Company's California attorney, whom they apparently believed to also be the Shastris' attorney. The Patels sought arbitration on various issues, including judicial dissolution, declaratory relief, accounting, breach of the Operating Agreement, breach of the duty of good faith and fair dealing, and a preliminary injunction. They also sought to arbitrate derivative claims asserted in the name of the Company. The Initial Notice identified an arbitrator and provided the Patels' Initial Resolution as the Operating Agreement required.

**¶5** The Shastris did not respond within 30 days, but on October 27, 2022, their attorney sent a letter to the arbitrator objecting to the arbitration on their behalf. The Shastris asserted the arbitration would be invalid because the Patels were no longer members of the Company as a result of the purported sale of their interest in the Company and they therefore no longer had rights under the Operating Agreement. The Shastris' letter did not object to the sufficiency of the Initial Notice. The next day, the arbitrator entered an arbitration award in favor of the Patels due to the Shastris' "failure to timely respond to the Initial Notice," referring to the 30-day period set forth in the Operating Agreement. The arbitration award adopted the Patels' Initial Resolution in its entirety as the Operating Agreement required. The arbitrator later supplemented it to award fees and costs to the Patels.

**¶6** In November 2022, the Shastris filed a complaint in the superior court against the Patels seeking declaratory relief and alleging breach of contract and breach of the covenant of good faith and fair dealing regarding the Sales Agreement. The Patels moved to dismiss the complaint and compel a second arbitration on the Shastris' complaint because it is "subject to the [Operating Agreement's] mandatory arbitration provision." In April 2023, the court granted the Patels' motion to compel the second arbitration and dismissed the Shastris' complaint without prejudice.

**¶7** The Patels then applied to confirm the arbitration award, and the Shastris moved to vacate it. In September 2023, the court granted the Patels' motion to confirm the arbitration award and denied the Shastris' motion to vacate the award. In January 2024, the court entered judgment confirming its April 2023 and September 2023 orders that dismissed the Shastris' complaint and compelled a second arbitration and confirmed the

arbitration award (the "Judgment"). The Judgment resolved all pending matters before the court.

¶8 The Shastris timely appealed. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") Section 12-2101.01(A)(6).

## DISCUSSION

¶9 The Shastris contend that the superior court erred by confirming the arbitration award both because the Patels failed to provide proper notice of the arbitration to the Shastris and the arbitrator exceeded his powers by issuing relief for the Patels against the Company. They also argue the superior court erred by confirming the arbitration award, as well as dismissing their complaint and compelling a second arbitration, because there was no agreement to arbitrate between the parties because the Patels sold their interest in the Company. They ask us to reverse the Judgment, vacate the arbitration award and order compelling the second arbitration, and remand to the superior court to conduct proceedings on their complaint.

## I. The superior court erred by confirming the arbitration award because proper notice was not given.

¶10 The Shastris first argue that the superior court erred by confirming the arbitration award because the Patels failed to provide them with notice of the arbitration "in the agreed manner" as required by Section 12-3009(A). The Patels do not dispute that they did not provide proper notice, but respond that the form of notice is unimportant because the Shastris knew about the arbitration as evidenced by the fact that they sent an objection letter to the arbitrator before he issued the arbitration award.

¶11 We review the superior court's ruling in the light most favorable to affirming the confirmation of the arbitration award and will affirm absent an abuse of discretion. *RS Indus., Inc. v. Candrian*, 240 Ariz. 132, 135, ¶ 7 (App. 2016). "An abuse of discretion occurs when a court commits a legal error by misinterpreting or misapplying the law." *Voice of Surprise v. Hall*, 255 Ariz. 510, 513, ¶ 11 (2023).

¶12 "The superior court may reject an arbitration award only on narrow statutorily enumerated grounds." *Nolan v. Kenner*, 226 Ariz. 459, 461, ¶ 5 (App. 2011). Section 12-3023(A) provides those grounds, one of which is lack of proper notice:

> On motion to the court by a party to an arbitration proceeding, the court *shall* vacate an award made in the arbitration proceeding if any of the following applies: … The arbitration was conducted without proper notice of the initiation of an arbitration as required in § 12-3009 so as to prejudice substantially the rights of a party to the arbitration proceeding.

A.R.S. § 12-3023(A)(6) (emphasis added).  Section 12-3009 provides in relevant part that "[a] person initiates an arbitration proceeding by giving notice in a record to the other parties to the agreement to arbitrate *in the agreed manner between the parties*."  A.R.S. § 12-3009(A) (emphasis added).

**¶13**        Arbitration agreements are a creature of contract law.  *Chang v. Siu*, 234 Ariz. 442, 447, ¶ 19 (App. 2014).  We therefore interpret an arbitration agreement using general contract law principles.  *Id.*  We interpret the provisions of a contract de novo.  *Dunn v. FastMed Urgent Care PC*, 245 Ariz. 35, 38, ¶ 10 (App. 2018).  Our purpose in interpreting a contract is to ascertain and enforce the parties' intent, *id.*, which requires us to "look to the plain meaning of the words as viewed in the context of the contract as a whole."  *Earle Invs., LLC v. S. Desert Med. Ctr. Partners*, 242 Ariz. 252, 255, ¶ 14 (App. 2017) (citation omitted).  If the contract language is clear, we give effect to it as written.  *VEREIT Real Est., LP v. Fitness Int'l, LLC*, 255 Ariz. 147, 152, ¶ 11 (App. 2023).

**¶14**        Under the Operating Agreement, "[i]n order to initiate an arbitration[,]" a party must "give a written notice of demand for arbitration" to the other party.  This is the "Initial Notice."  The Initial Notice must be given "by hand delivery, facsimile transmission or by certified mail, return receipt requested, at the last known address of the Member."  Thus, the Patels were required to send the Initial Notice to the Shastris in writing and either hand deliver, fax, or send by certified mail with returned receipt requested to the Shastris' last known address.

**¶15**        But the Patels did not send the notice in this agreed upon manner; instead, they sent it to the Company's California attorney through certified mail and electronic mail because they believed he was the Shastris' attorney.  The Patels do not contend that they provided notice in the agreed upon manner; rather, they argue that "[h]ow [the Shastris] got notice is immaterial" because the Shastris eventually learned of its existence as evidenced by their attorney sending a letter objecting to the arbitration.  The Patels further argue that providing notice to the Company's California lawyer meant that the Shastris were also noticed.  But the manner in which

the Patels sent notice was not proper under the Operating Agreement they agreed to follow and, thus, they did not properly initiate arbitration under Section 12-3009.

**¶16** Because the Patels did not provide proper notice under Section 12-3009, we next must consider whether this lack of notice substantially prejudiced the Shastris' rights. A.R.S. § 12-3023(A)(6). We conclude that it did. The Shastris suffered substantial prejudice as a result of the improper notice because they had no opportunity to engage in the merits of the arbitration. They would therefore be subject to an arbitration award that adopts the Patels' Initial Resolution in its entirety despite the Patels not adhering to the Operating Agreement notice provision. Under the Operating Agreement, if a party does not respond to the Initial Notice within 30 days, then that party must "suffer the consequences" of the Initial Resolution becoming the arbitration award. This was an agreed upon consequence by the parties, but one that is dependent upon properly receiving notice in the agreed upon manner.

**¶17** In confirming the arbitration award, the superior court acknowledged that "the notice [the Patels] provided … technically does not strictly follow the parties' agreed-upon method of notice." But it reasoned that the Shastris "at least had some notice that an arbitration was afoot" because "they sent a letter to the arbitrator objecting." But Section 12-3009 requires notice in the agreed manner, not just "some notice" and thus the court erred by not applying the statute. *See Do v. Ariz. Bd. of Regents*, 256 Ariz. 370, 374, ¶¶ 17-19 (App. 2023). Here, the Operating Agreement prescribed how to provide Initial Notice to initiate arbitration and Section 12-3009 states that the Operating Agreement provision governs. And, under these circumstances, Section 12-3023 requires a court to vacate an arbitration award if proper notice was not given. Because the notice here was not proper and the Shastris were prejudiced as a result, the court was required to vacate the arbitration award.

**¶18** We therefore vacate the portion of the superior court's Judgment confirming the arbitration award. Because we vacate the award for lack of proper notice, we do not consider the Shastris' arguments that we should vacate because the arbitrator exceeded his powers or that an agreement to arbitrate no longer existed between the parties.

## II. The court did not err in compelling the second arbitration.

**¶19** The Shastris next argue the superior court erred by dismissing their complaint and compelling arbitration because the Patels sold their

interest in the company to the Shastris, and therefore were no longer "members" as defined in the Operating Agreement. And because the Patels are no longer members, the Operating Agreement no longer governed their interactions—including the requisite agreement to arbitrate disputes. The Patels respond that the court properly found that the question of whether they are still members subject to the Operating Agreement was subject to arbitration.

¶20 We review a superior court's decision to compel arbitration de novo. *Sun Valley Ranch 308 Ltd. P'ship ex rel. Englewood Props., Inc. v. Robson*, 231 Ariz. 287, 291, ¶ 9 (App. 2012). And we review a superior court's grant of a motion to dismiss a complaint de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355-56, ¶¶ 7-8 (2012).

¶21 "The court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate." A.R.S. § 12-3006(B). Thus, the court, not an arbitrator, decides the threshold issue of whether parties have an existing agreement to arbitrate a particular dispute. *Duenas v. Life Care Ctrs. of Am., Inc.*, 236 Ariz. 130, 140, ¶ 31 (App. 2014). This obligation can only be assigned to an arbitrator if the parties use clear language to do so. *Id.* at ¶ 32. "[A]rbitration clauses should be construed liberally and any doubts as to whether or not the matter in question is subject to arbitration should be resolved in favor of arbitration." *Saguaro Highlands Cmty. Ass'n v. Biltis*, 224 Ariz. 294, 295-96, ¶ 5 (App. 2010).

¶22 The Shastris argue there is no longer an existing agreement to arbitrate between the parties because the Patels gave up all rights under the Operating Agreement when they sold their interest to the Company in the Sales Agreement. They also incorrectly assert that the superior court did not decide that an arbitration agreement applied to this dispute.

¶23 In its September 2023 order, the superior court decided there was an agreement to arbitrate between the Shastris and the Patels. It noted: "the Court … ha[s] previously determined that an agreement to arbitrate controls this dispute. This is not the time to revisit that issue."

¶24 The Operating Agreement states that "[i]f any Member disputes *any matter* under this Agreement … such claim or dispute (the "Claim") shall be resolved by arbitration." (emphasis added). And the parties' Sales Agreement invoked the Operating Agreement when it stated that "the Company will purchase [the Patels'] membership interest *as provided in the Company's Operating Agreement*." (emphasis added). The issue of whether the Patels are members remains disputed because the Sales

Agreement contains no closing date nor has the appraisal amount been paid in full. Therefore, the ultimate issue of whether the Patels still have rights under the Operating Agreement is a matter governed under the Operating Agreement and thus one the parties agreed to arbitrate. *See Saguaro Highlands Cmty. Ass'n*, 224 Ariz. at 295-96, ¶ 5 (noting that parties are bound to arbitrate those issues which they clearly have agreed to arbitrate).

**¶25** Because the parties' dispute about whether the Patels are still Members within the definition of the Operating Agreement is subject to an agreement to arbitrate, we affirm the superior court's order dismissing the Shastris' complaint and compelling the second arbitration.

## ATTORNEYS' FEES AND COSTS

**¶26** The Shastris request attorneys' fees and costs pursuant to Arizona Rule of Civil Appellate Procedure ("ARCAP") 21(a) and Section 12-341.01(A). In our discretion, we decline to award fees, but as the partially successful party, the Shastris may recover their taxable costs upon compliance with ARCAP 21. *See Henry v. Cook*, 189 Ariz. 42, 44 (App. 1996) ("the party who obtains partial success is entitled to recover" all costs).

**¶27** The Patels request attorneys' fees and costs pursuant to ARCAP 21(a) and Section 12-341.01(A). We decline their request.

## CONCLUSION

**¶28** We affirm the portion of the Judgment dismissing the Shastris' complaint and compelling arbitration but vacate the portion confirming the arbitration award.



AMY M. WOOD • Clerk of the Court
FILED:          JR